PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle struck a cut-away portion of road on the edge of County Route 67/1 in Beech Bottom. At this location, County Route 67/1 is maintained by respondent in Brooke County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on the evening of March 16, 2000. Claimant Vincent W. Brooks was traveling on County Route 67/1 in his and his wife’s 1992 Mercury Topaz. Claimant frequently travels this portion of road and was on the road earlier in the day. At this location, County Route 67/1 is a two lane asphalt road. On the day in question, respondent was conducting a ditching project in the area in question. Claimant maneuvered his vehicle onto the berm in order to pull into a local grocery store which was at a higher elevation than the road. As the vehicle crossed the berm into the store parking lot, it struck a cut-away portion of the berm. Claimant testified that he did not observe any warning signs on the road. The impact damaged the exhaust system of the vehicle. The sustained damage was in the amount of $92.17.
*272 The position of respondent is that it was not negligent in the maintenance of County Route 67/1. According to County Administrator Sheldon Beauty, respondent was conducting a ditching project in order to remedy a drainage problem. Respondent was working on its right of way. Mr. Beauty testified that the store-owner had been contacted but refused to allow respondent to cut the slope of his driveway leading to his store. During the project, respondent had flaggers present and barrels were placed along the construction site.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimants must prove that respondent had actual or constructive n otice of t he de feet a nd a r easonable t ime tot ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence failed to establish that respondent was negligent in its maintenance of County Route 67/1. Respondent was prevented by the store-owner from completing properly the drainage project. Under the circumstances, the Court is of the opinion that respondent took adequate measures to warn the traveling public of potential problems entering the store driveway. While the Court is sympathetic with claimant Vincent W. Brooks’ situation, the fact remains that there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In accordance with the finding of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.